UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Michael Williams,<br><br>          Petitioner,<br><br>v.<br><br>Daniel Paramo, Warden, et al.,<br><br>          Respondents. | Case No.: 15-cv-2576-AJB-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING PETITIONER'S REQUEST TO AMEND HIS PETITION (Doc. No. 43);**<br><br>**(2) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 56);**<br><br>**(3) DISMISSING BOTH PETITIONER'S HABEAS PETITIONS (Doc. Nos. 1, 43); and**<br><br>**(4) DENYING MOTION FOR CERTIFICATE OF APPEA LABILITY (Doc. No. 60).** |

  Before the Court is Petitioner's habeas petition, (Doc. No. 1), motion for proposed amendment to the habeas petition, (Doc. No. 43), the Magistrate Judge's report and recommendation to deny Petitioner's habeas petition, (Doc. No. 56), Petitioner's objections and supplemental objections (Doc. Nos. 56, 62), and Petitioner's motion for certificate of

appealability, (Doc. No. 60).

For the reasons stated herein, the Court **ADOPTS** the Magistrate Judge's R&R. (Doc. No. 56.) The Court also **GRANTS** Petitioner's proposed amendment, (Doc. No. 43), but **DISMISSES** the claims raised in both his original habeas petition, (Doc. No. 1), and the amended petition, (Doc. No. 43). Finally, the Court **DENIES** Petitioner's request for a certificate of appealability. (Doc. No. 60.)

## I. BACKGROUND

The Court incorporates the procedural background and underlying facts as laid out in the report and recommendation, and will briefly reiterate the points pertinent to this order. (Doc. No. 56 at 3–17.)

Petitioner was convicted for one count of forcible rape and two counts of forcible oral copulation. The victim testified she ended up with Petitioner in his RV after a night out with her friend. The two talked for a while in the RV and agreed to get breakfast together. Petitioner attempted to kiss the victim, but she rebuffed his advances. On the way to the restaurant, Petitioner stopped at a convenience store to buy cigarettes. After, Petitioner drove the RV back to a parking lot, instead of to the restaurant, causing the victim to begin to worry. Once in the parking lot, Petitioner propositioned the victim to perform a sexual act on her in exchange for money. She refused. Petitioner then became aggressive, punching her, pushing her, and blocking her from exiting. She testified that Petitioner pulled a knife out of a drawer and held it to her throat while threatening her life. After putting the knife away, he "allowed" her to leave, but when she tried to, he punched her again and threatened to drug her. Petitioner then forced the victim to orally copulate him and used various threats against her until she complied with staying; ultimately raping her. Eventually, the victim managed to escape and reported him to police.

Several events at trial form the basis of petitioner's habeas arguments. First, the jury "returned a not true finding on the allegation that [Petitioner] personally used a knife during those offenses." (Doc. No. 56 at 15.) The jury also could not reach a verdict regarding count four, rape by a foreign object, and count five, false imprisonment through violence,

menace, fraud, or deceit. After the verdicts were reached, but before the verdicts were accepted, the prosecutor amended the information "to charge two strikes arising from the Oklahoma conviction rather than one, over a defense objection that the amendment was untimely and violated double jeopardy having come after the previous mistrial." (*Id.*) In a bifurcated bench trial on the prior Oklahoma convictions, the court took judicial notice of that victim's—Cheryl B.'s—testimony over defense counsel's objections.

## II. LEGAL STANDARDS

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n.5 (D. Ariz. 2003) (applying *Reyna–Tapia* to habeas review).

## III. DISCUSSION

In Petitioner's first 37-page objection, he makes repetitive arguments, contesting the same points as his petition and traverse. (Doc. No. 59.) Some of his arguments fail to reach the merits of the R&R's analysis, and simply reiterate general assertions that the R&R's analysis is incorrect (by restating his original arguments). The cornerstone of his objections rest on his belief that the victim's testimony was not credible and failed to provide the basis for the jury's finding of force on the forcible rape charge. Petitioner doubles-down on this argument, stating that because the jury found her knife allegations not true, there was no force used to support the rape conviction. However, because those arguments fail, the majority of his petition also crumbles. The Court discusses his various objections in turn.

**1. California Supreme Court's Failure to Adjudicate on the Merits**

Petitioner argues that "[t]he California Supreme Court's silent denial of Petitioner's habeas corpus petition, does-not [sic] constitute an adjudication on the merits." (Doc. No. 59 at 3–4 (extraneous quotation marks omitted).) This argument fails to address

3

the merits of the R&R's analysis of his first claim, but rather, takes issue with the procedure itself. In the R&R, the Court took the state Supreme Court's "silent denial" as affirmation of the lower court's reasoning. (Doc. No. 56 at 21.) The R&R states "[t]here is a presumption that '[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'" (*Id.* (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991)).) Thus, the R&R "look[ed] through the silent denial of this claim by the state supreme court on direct appeal to the last reasoned state court opinion addressing the claim . . . ." (*Id.*) The R&R then went on to discuss the appellate court's opinion on Petitioner's first claim, and found the appellate court's opinion was not contrary to, or an unreasonable application of, clearly established federal law. (*Id.* at 26.)

Petitioner is incorrect that a silent denial is not an adjudication on the merits. He posits that California Rule of Court 4.551 on habeas petitions requires a "brief statement of the reasons for the denial." (Doc. No. 59 at 4 (citing Cal. Rules of Court 4.551(g)).) Rule 4.551(g) does state "[a]n order only declaring the petition to be 'denied'"—without a brief statement of reasons—"is insufficient." Cal. Rules of Court 4.551(g). However, Rule 4.551 and its subsections do not apply to California Supreme Court decisions, only to habeas petitions filed in California Superior Court. *See* Cal. Rules of Court 4.550(a) ("This chapter applies to habeas corpus proceedings in the superior court . . . ."). The California Supreme Court may issue summary denials like the one here. Thus, the Court holds this objection is without merit.

**2. The Victim's Credibility**

Petitioner's next few objections can be summarized as him re-litigating the jury's findings and the victim's credibility at trial. He argues the jury should not have found that force was used against the victim because they found no knife was used, (Doc. No. 59 at 7); that the victim's testimony fails to support a finding of force, (*Id.*); that the victim's testimony is not credible, (*Id.* at 8); and that the threats the victim testified to were unproven and false, (*Id.* at 9). Petitioner made the same arguments in his traverse and merely

4

reiterates them here.

Despite Petitioner's strong conviction regarding the victim's credibility, "a federal habeas petition is not a proper vehicle for challenging the credibility of a state trial witness." *Foley v. Kernan*, No.: 16cv0408-JLS (BGS), 2017 WL 3840343, at *2 (S.D. Cal. Sep. 1, 2017); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (finding a court adjudicating a habeas petition must respect the "factfinder's province to determine witness credibility, resolve evidentiary conflicts, and draw reasonable inferences from proven facts" by assuming "the trier of fact resolved all such conflicts in favor of the prosecution.").

Here, nearly all of Petitioner's arguments rest on his belief that the victim's testimony regarding threats made and force used was false and not credible. Stemming from his attack on the victim's credibility, he argues that the prosecution failed to meet the required elements beyond a reasonable doubt; that the judge improperly rejected his directed verdict motion; and that the trial court committed plain error. However, these arguments fail as a matter of law and are not appropriate for a federal habeas petition since the assertions cannot demonstrate the state court's opinion was contrary to, or an unreasonable application of, clearly established federal law. Thus, the Court rejects Petitioner's objections and affirms the R&R's conclusions on these matters.

**3. Claim Three**

Petitioner's third claim asserts the evidence is insufficient to support his convictions. Petitioner argues the R&R improperly concluded that the California Supreme Court reasonably denied claim three, finding there was sufficient evidence presented at trial to support his conviction. (Doc. No. 59 at 13.) Specifically, Petitioner continues to argue that because the jury found the force-by-knife allegations not true, there could not have been any force used in his case, thus disproving a required element of the crime. (*Id.* at 14.) However, the R&R states,

> Petitioner's allegation that the force element was not satisfied because the jury returned a not true finding on the knife use allegation, or because the sex acts occurred after he held a knife to [the victim's] throat and punched her in the face, ignores the evidence of his ongoing threats and the atmosphere of fear

5

[the victim] testified they created.

(Doc. No. 56 at 43.)

"A habeas petitioner challenging the sufficiency of the evidence to support his state criminal conviction may obtain relief only if 'it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *O'Neill v. Sherman*, No. 15cv2912 H (PCL), 2016 WL 3199330, at *5 (S.D. Cal. May 10, 2016) (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). The Court must review the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319.

Based on the Court's de novo review of the record and the victim's testimony, (Doc. No. 29-2 at 109–56), the Court agrees with the R&R's analysis and conclusion. The victim testified that even after Petitioner put away the knife, he punched her and continued to threaten her with violence. According to her testimony, he told her he would take her to the "Hell's Angel headquarters" to "copy [her] drivers [sic] license so that they [the Hell's Angels] knew [her] address." (Doc. No. 29-2 at 133–34.) He told her she was going to be "his girl" and that they were going to "go on the road together." (*Id.* at 134.) He demanded she notify her friends and family of this by telling her exactly what to say—and making her repeat it. (*Id.*) He then gave her the option of "do[ing] this [intercourse]" the "easy way or the hard way," and specified the hard way meant him drugging her. (*Id.* at 134–35.) In between various sexual acts, Petitioner also told the victim he had a gun in the front compartment. (*Id.* at 137.) She testified he told her that if she ever reported him to the police, he would "slit my throat." (*Id.* at 138.) Finally, she testified that she was scared of him and believed his threats. (*Id.*) Based on these facts, the Court finds the R&R's conclusion that Petitioner's actions created an "atmosphere of fear" is appropriate. Petitioner failed to prove that no rational trier of fact could have found he used force against the victim, despite the not true knife allegation. Because the Court finds the R&R's analysis and conclusion well-reasoned, the Court rejects this objection.

### 4. Claim Two

Claim two concerns Petitioner's argument that the government's failure to test

certain swabs for DNA was a *Brady* violation. (Doc. No. 56 at 39; *Brady v. Maryland*, 373 U.S. 83 (1963).) The R&R states "[t]he failure to test evidence by itself does not support a claim for habeas relief." (*Id.* at 40 (referencing *Villafuerte v. Stewart*, 111 F.3d 616, 625–26 (9th Cir. 1997) (finding no due process violation arising from the failure to test a semen sample absent a showing of bad faith)).) The R&R also concludes Petitioner failed to allege materiality under *Brady* because the evidence did not deprive him of a fair trial, and could have actually led to his conviction on a count the jury hung on (count four, rape by a foreign object). (*Id.* at 40–41.)

Regarding the untested evidence, Petitioner argues "[t]he test analysis, of the external area's [sic] of the vagina were relevant and critical to Count Three, as originally charged to Petitioner . . . that Petitioner had orally copulated [the victim]." (Doc. No. 59 at 27.) He also states that "the swabs taken from Petitioner's hands and fingers, were relevant to Count Four." (*Id.* at 29 (emphasis in original).) Petitioner generally complains that the criminalist choosing to test some evidence, and not others, "[c]reates a situation, where the development of evidence is one-sided." (*Id.* at 31.)

The Court disagrees with Petitioner. As Respondent argues, and the R&R notes, the prosecutor did not act in bad faith because there was no suppression, destruction, or failure to preserve this evidence, and it was available for defense to test. (Doc. No. 56 at 39.) But, moreover, the R&R is correct that Petitioner fails to establish materiality. Materiality is found under *Brady* if suppression deprived him of a fair trial. *United States v. Bagley*, 473 U.S. 667, 678 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (holding that prejudice under *Brady* is shown when "there is a reasonable probability of a different result" as to guilt or penalty). Here, the jury could not reach a decision on count four, rape by a foreign object, although the victim testified as such. (*Id.* at 40.) Petitioner's fingernail swab was never tested, but had it been, the evidence could have corroborated the victim's testimony, leading to a guilty verdict on count four. (*Id.* at 40–41.) Thus, the Court agrees with the R&R's conclusion that "the state supreme court could have reasonably denied this claim on the basis that there is no showing of a reasonable probability of a more favorable

7

15-cv-2576-AJB-WVG

result had Petitioner's fingernail swab or hair been tested." (*Id.*) There was simply no *Brady* violation or non-disclosure of material evidence here. The Court rejects this objection.

### 5. Ineffective Assistance of Counsel

Petitioner argued in claims four and five that his trial and appellate counsel were ineffective in various ways. (Doc. No. 56 at 44, 50.) His supplemental objection raises the same arguments the R&R addressed. (Doc. No. 62 at 9–13.) After reviewing the R&R's analysis on Petitioner's claims of ineffective assistance of counsel, the Court finds its conclusions well-reasoned. The Court does not find any errors in the Magistrate Judge's recommendation, and Petitioner's objections do not provide a basis to modify the R&R.

### 6. Evidentiary Hearing

The R&R recommended denying Petitioner's request for an evidentiary hearing. (Doc. No. 56 at 52.) Petitioner objects, and demands a hearing because he "presented a clear prima facie case for habeas relief on this claim . . . ." (Doc. No. 59 at 21.) However, the Court agrees with the R&R that a hearing is unwarranted when a federal claim can be denied on the basis of the state court record, as is the case here. *See Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (holding an evidentiary hearing is unnecessary when the court can deny a federal claim based on the state court record). Thus, the Court rejects Petitioner's objection and denies his evidentiary hearing request.

### 7. Proposed Amendment Claims

As to Petitioner's proposed amended claims, the R&R recommends granting amendment, but denying relief. (Doc. No. 56 at 27–38.) In his proposed amendment, he argues the documents, which were introduced at the bifurcated bench trial, violated federal due process, the Confrontation Clause, and double jeopardy because: "(1) they are incomplete, improperly authenticated, and contain false statements; (2) they were not presented at his first trial, which ended with a hung jury; (3) he was not permitted to confront the person who certified the documents; and (4) they provide insufficient evidentiary support." (*Id.* at 2.)

Petitioner filed one objection pertaining to count one and the admission of prior

8

propensity evidence. (Doc. No. 62 at 13–14.) He argues that allowing Cheryl B. to testify regarding his Oklahoma conviction was prejudicial to his trial and the jurors. (*Id.* at 14.)

The R&R ultimately concluded that this testimony did not prejudice Petitioner's trial because: (1) whether evidence is incorrectly submitted is not within the jurisdiction of a federal habeas petition, (Doc. No. 56 at 24–25); (2) the Supreme Court has reserved ruling on whether introducing propensity evidence can give rise to a federal due process violation, and since the Supreme Court has denied granting cert on this issue four times, the right has not been clearly established and a violation as such is not contrary to clearly established federal law, (*Id.* at 25–26); (3) "there is no basis to find that the state court adjudication of claim one is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," (*Id.* at 26); and finally, (4) a federal habeas petition is, again, not the proper vehicle to challenge a witness's credibility, (*Id.* at 27). As to these points specifically, Petitioner fails to make a contrary argument, but generally argues prejudice, and accuses the witness's testimony as being "a one-sided version of events that were extremely embellished by the Oklahoma Prosecutor." (Doc. No. 62 at 14.)

However, without any specific argument contravening the R&R's legal analysis, or without proof of collusion between the witness and the Oklahoma prosecutor, the Court finds the R&R's analysis judicious. Thus, the Court **ADOPTS** the R&R's recommendation to **GRANT** the proposed amendment, (Doc. No. 43), but also **DENIES** relief based on those claims.

**8. Certificate of Appealability**

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether [] the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims and therefore **DECLINES** to issue a certificate of appealability.

## IV. CONCLUSION

The Court finds the R&R well-reasoned and contains no error. The Court, thus, **ADOPTS** the R&R in its entirety. (Doc. No. 56.) The Court also **GRANTS** Petitioner's proposed amendment, (Doc. No. 43), but denies relief as to those claims, as well as to the claims in his original petition, (Doc. No. 1). Finally, the Court **DENIES** Petitioner's request for a certificate of appealability. (Doc. No. 60.)

**IT IS SO ORDERED.**

Dated: March 28, 2018

Hon. Anthony J. Battaglia
United States District Judge